**TUITOGAMAATOE PUAILOA FANENE, Appellant,**

**v.**

**MA`AE TAEI, Appellee.**

**[In re Matai Title "PUAILOA" of the Village of Nu`uuli]**

High Court of American Samoa
Appellate Division

AP No. 11-03

May 6, 2004

Before RICHMOND, Associate Justice, GOODWIN,[*] Acting Associate Justice, TASHIMA,[**] Acting Associate Justice, LOGOAI, Chief Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Appellant, Charles V. Ala'ilima
　　　　　For Appellee, S. Salanoa Aumoeualogo

## OPINION AND ORDER

This case involves a dispute over the succession to the Puailoa *matai* title in the village of Nu'uuli. Appellant Tuitogamaatoe P. Fanene ("Tuitogamaatoe") contends that the trial court erred in its order and opinion awarding the Puailoa *matai* title to Appellee Ma'ae Taei ("Ma'ae") by: (1) failing to make appropriate findings of fact and conclusions of law under A.S.C.A. § 1.0409(d); and (2) erring in its findings, pursuant to A.S.C.A. § 1.0409(c), on the third statutory factor of the candidates' forcefulness, character, personality, and knowledge of Samoan customs, and fourth statutory factor of the candidates' value to the family, village, and country. For the following reasons, we AFFIRM the trial court's decision.

## Background

Tepatasi M. Puailoa ("Tepatasi") offered the Puailoa title for registration

---

[*] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[**] Honorable A. Wallace Tashima, Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

with the Office of the Territorial Registrar. Subsequently, Tuitogamaatoe, La`au Seui ("La`au"), Ma`ae, Archie Soliai ("Archie") and Avea T. Va`afusuaga ("Avea") filed their objections and counterclaims. Pursuant to A.S.C.A. § 43.0302, the Secretary of Samoan Affairs issued a certificate of irreconcilable dispute after the parties failed to resolve their claims. Accordingly, the case was referred to the High Court for resolution. *In Re Matai Title "Puailoa,"* 7 A.S.R.3d 228, 229 (Land & Titles Div. 2003).

Trial was held over several days in January of 2003. On May 1, 2003, the trial court awarded the Puailoa title to Ma`ae. The court found candidates Tepatasi and Tuitogamaatoe prevailed equally over Ma`ae and Avea on the first or hereditary right statutory criterion used in determining *matai* title succession.[1] The court also found that no one prevailed on the second or clan preference criterion, and that Ma`ae prevailed over the other candidates on the third and fourth criteria. Tuitogamaatoe filed a motion for a new trial or reconsideration which was denied by the trial court on July 7, 2003. Shortly thereafter, Tuitogamaatoe filed a notice of appeal.[2]

## Discussion

### I. Standard of Review

The trial court's factual determinations are reviewed for clear error. *See In re Matai Title "Tauaisafune,"* 6 A.S.R.2d 59, 61 (App. Div. 1987). The test for clear error is "not whether facts in the record may support a decision for an appellant, but whether sufficient evidence supported the trial court's decision." *Toleafoa v. American Samoa Gov't,* 26 A.S.R.2d 20, 21 (App. Div. 1994).

### II. Application of A.S.C.A. § 1.0409(d)

Tuitogamaatoe argues that the trial court's findings and conclusions are deficient under A.S.C.A. § 1.0409(d). She claims the court is required to "separate the fact finding from the legal conclusions" and assess the "relative margins" by which a candidate prevails over other candidates

---

[1] The trial court found La`au's "hereditary connection claim to be, at best, doubtful," and that Archie's "connection is tenuous." *In Re Matai Title "Puailoa,"* 7 A.S.R.3d at 231. While neither La`au nor Archie appealed the court's decision, we caution that the decision should not be interpreted in and of itself as preventing either La`au or Archie from participating in the Puailoa family's affairs or from asserting a claim to the Puailoa title in the future.

[2] Avea filed a separate notice of appeal. *See In re Matai Title "Puailoa,"* 8 A.S.R.3d 36 (App. Div. 2004).

on each statutory factor. (Appellant's Br. at 8-9.) Additionally, Tuitogamaatoe argues that the Appellate Division should "develop uniform and fair standards" for each criterion. (*Id.* at 19.)

■ The relevant part of the current statute states:

> (c) In the trial of title cases, the High Court shall be guided by the following consideration, in the priority listed:
> (1) the best hereditary right, as to which the male and female descendants are equal in families where this has been customary; otherwise, the male descendent prevails over the female;
> (2) the wish of the majority or plurality of those clans of the family as customary in that family;
> (3) the forcefulness, character and personality of the persons under consideration for the title, and their knowledge of Samoan customs; and
> (4) the value of the holder of the title to the family, village, and country.
> (d) The court shall issue a written decision that must contain finding of facts and conclusions of law on each issue under (c) above.

A.S.C.A. § 1.0409(c)-(d). The trial court made findings and conclusions consistent with the statute. *In Re Matai Title "Puailoa,"* 7 A.S.R.3d at 229 - 235.

■ Appellant's argument that the court needs to formulate some sort of additional standard is not in accordance with the Fono's current statutory scheme. As Tuitogamaatoe points out in her brief, the Fono has been tweaking and revising this statute over the years to provide the court with guidance on deciding *matai* title cases. (Appellant's Br. at 2-9.) "When the Court attempts to resolve a dispute among family members about who should hold a matai title, it is doing its best to apply the criteria that the Fono believes the family would have applied if there were no external means of dispute resolution." *In re Matai Title "Soata,"* 6 A.S.R.2d 91, 95 (App. Div. 1987). Indeed, if the Fono thought that the court's decisions in *matai* title cases left something to be desired, it could revise the statute.

■ Additionally, Tuitogamaatoe argues that the trial court failed to assess the relative margins by which Ma'ae prevailed over the other candidates. The court is directed by statute to give each criterion less weight than the one it follows. A.S.C.A. § 1.0409(c). Other than this statutory requirement, "the comparative evaluation of the four statutory criteria is not, and cannot be, measured by mathematical exactness." *In re Matai Title "Tuaolo,"* 28 A.S.R.2d 137, 143 (Land & Titles Div. 1995). *See*

47

*also, e.g., In re Matai Title "Tuaolo,"* 27 A.S.R.2d 97, 102 (Land & Titles Div. 1995); *In re Matai Title "Tauala,"* 15 A.S.R.2d 65, 69 (Land & Titles Div. 1990). An assessment of the relative margins in all cases on all factors is impractical. In all respects, the trial court's findings and conclusions satisfy A.S.C.A. § 1.0409(d). *See, e.g., In re Matai Title "Tauaisafune,"* 6 A.S.R.2d at 60; *In re Matai Title "Atiumaletavai,"* 22 A.S.R.2d 94, 95 (Land & Titles Div. 1992) (noting "the frequent but not universal approach in this Court's matai-title decisions to include substantial comparative discussions of the title candidates' qualifications under each of the four statutory criteria which must be considered. While this method can provide useful analysis to the reader of matai-title judicial decisions . . . , the only legal requirement is a written decision containing findings of fact and conclusions of law on each of the four statutory criteria.").

## III. The Statutory Factors

Tuitogamaatoe contends that the trial court erred by finding in favor of Ma'ae on the third and fourth criteria.[3]

### A. Forcefulness, Character, Personality, Knowledge of Samoan Custom

■ Tuitogamaatoe contends that the trial court erred by finding in favor of Ma'ae on this criterion. (Appellant's at 10-12.) The trial court noted "it relie[d] in part on personal observation of each candidate while on the witness stand." May 1, 2003 Opinion and Order at 8. The court also listed "[l]eadership ability, honesty, education, public service, involvement in church and village affairs, and previous experience as a matai" as other factors it considered relevant to this criterion. *Id.* at 9 (citations omitted) (alteration in original). In finding Ma'ae prevailed on this criterion, the trial court noted Ma'ae's *matai* and career experiences as well as his demeanor on the witness stand. "[I]t [i]s for the trial court to resolve conflicts in the evidence, and to judge the credibility of the witnesses." *Reine v. Taotoai*, 25 A.S.R.2d 136, 138 (App. Div. 1994). The trial court's determination in favor of Ma'ae on this factor was supported by substantial evidence.

---

[3] Tuitogamaatoe also contends that the trial court failed to make conclusions of law on the first criterion by failing to "assign[] what weight would be assigned to heredity." Appellant's Br. at 10. We believe this issue is adequately addressed in our discussion *supra* at 43-45. The trial court made factual findings and ranked the candidates as follows: Tepatasi and Tuitogamaatoe prevailed equally over Avea and Ma'ae who, in turn, prevailed equally over La'au and Archie. *In Re Matai Title "Puailoa,"* 7 A.S.R.3d at 232.

B. Value to Family, Village, and Country

■ Tuitogamaatoe disputes the trial court's conclusion that Ma'ae's value to his family, village, and country is superior to that of the other candidates. Most of Tuitogamaatoe's arguments regarding this criterion demonstrate her disagreement with the trial court's findings of fact. "[A]ppellant is in essence urging this court to reweigh the facts presented at trial, an area specifically reserved for the trier of fact, who is in a unique position to hear evidence and observe the demeanor of witnesses." *Uiagalelei v. Ulufale*, 26 A.S.R.2d 118, 119 (App. Div. 1994).

Appellant also argues that the trial court improperly considered the gender bias of the Nu'uuli village council in deciding this criterion in favor of Ma'ae. (Appellant's Br. at 15-17.) Even if the trial court improperly considered the council's gender bias in its opinion, we believe the end result would be the same. The trial court found Ma'ae's service to his country superior to the other candidates absent any consideration of gender. In determining this factor, the trial court noted that Ma'ae served his country through military service and commented on his service to the territory. *In Re Matai Title "Puailoa,"* 7 A.S.R.3d at 233. The trial court also articulated numerous other reasons to support its decision that Ma'ae prevailed on this factor. The trial court found that Ma'ae's experience as a *matai* would serve his family and village. The trial court found that Ma'ae was "uniquely qualified" to handle communal land management and conservation. The court also based its conclusion on the in-court observation of the candidates' testimony. *Id.* We believe the trial court's opinion demonstrates that the outcome on this criterion would be the same absent any consideration of gender. We decline to disturb the trial court's conclusion on this criterion.

## Conclusion

For the aforementioned reasons, the trial court's decision is AFFIRMED.

It is so ordered.